## Fidelity and Deposit Company of Maryland, Appellant, *v.* Weiss et al.

Argued October 12, 1937.

Before CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Murdoch K. Goodwin,* with him *Arthur Littleton* and
*Morgan, Lewis & Bockius,* for appellant.

*Lester Bowman,* for appellee, garnishee.

OPINION BY STADTFELD, J., December 17, 1937:

The Fidelity and Deposit Company of Maryland, as
plaintiff, claims of Sol S. Weiss, the sum of $1,500 with
interest, and for the recovery of this sum issued a writ
of attachment under the Act of March 17, 1869, P. L.
8, naming Sol S. Weiss as the defendant and the Phila-
delphia Saving Fund Society and Nathan Zonies,
Guardian for Dorothy Z. Weiss, as garnishees. After
service of the writ upon the garnishees, Nathan Zonies
filed a petition and rule to show cause why certain
funds on deposit in the Philadelphia Saving Fund So-

ciety should not be released from the writ of attachment without prejudice to the right of plaintiff to proceed against Sol S. Weiss by other means. No answer was filed to the petition and the rule was argued upon the facts averred in the petition. The Court of Common Pleas No. 4 of Philadelphia County as of March Term, 1937, No. 1806, made the rule absolute on May 17, 1937, in an opinion by BROWN, J., and the plaintiff appeals from such action of the court.

The defendant, Sol S. Weiss, on Nov. 20, 1928, instituted an action in divorce against his wife, Dorothy Z. Weiss, in the Court of Common Pleas No. 1 of Philadelphia County as of December Term, 1928, No. 391. At that time, the respondent was confined to a hospital for mental diseases and Nathan Zonies was appointed guardian ad litem for her on December 3, 1928 and on Feb. 4, 1930, as guardian of her estate by decrees of the Court of Common Pleas No. 1 of Philadelphia County.

On April 30, 1929, while the divorce proceedings were still pending, Sol S. Weiss, who is the defendant in this proceeding, and the libellant in the divorce proceeding, entered into an agreement with Nathan Zonies wherein he agreed to pay to Nathan Zonies as the guardian of the respondent, the sum of $15 per week for her support and maintenance during the term of her natural life, and as security therefor, Weiss deposited with Zonies, the sum of $2,500.

The agreement further provided in paragraph 2 thereof, inter alia, that the said Sol S. Weiss should furnish and maintain, at his own expense, during his lifetime, a life insurance policy upon his life in the amount of $10,000, payable upon his death to the Pennsylvania Company for the Insuring of Lives and the Granting of Annuities, or to any other reputable bank or trust company agreeable to the parties to said agreement, the income only of said $10,000 to be paid to the guardian of Dorothy Z. Weiss during her life. Upon the death of the said Dorothy Z. Weiss, the said sum of $2,500 to be

returned to the said Sol S. Weiss, or his nominee, or in the event that the said Sol S. Weiss shall be dead, to his heirs, executors, administrators or assigns.

Paragraph 3 of the agreement provided for the giving of a bond by the said Sol S. Weiss, with certain sureties, in the sum of $7,500 conditioned for the faithful performance of the terms of the agreement for the support and maintenance of the said Dorothy Z. Weiss, and maintenance of the said life insurance policy.

Paragraph 5 of the agreement provided, inter alia, as follows: "In the event of the failure of the said Sol S. Weiss to pay the weekly support as hereinbefore stipulated or to pay premiums of the aforesaid life insurance policy when the same shall become due for a period of three months after any weekly payment or thirty days after any payment of premium on said life insurance policy shall fall due, then the guardian of Dorothy Z. Weiss shall have a right to use the principal of the $2,500 cash deposit at the rate of $15 per week for the support and maintenance of the said Dorothy Z. Weiss, and shall have the right to pay out of said fund the premiums on said insurance policy and shall immediately upon said default have the right to proceed on the aforesaid bond of $7,500."

Paragraph 9 of the agreement provided: "It is agreed by the parties hereto that this agreement is accepted in lieu of an order of court for the support of said Dorothy Z. Weiss, and so long as this agreement shall be faithfully performed by the said Sol S. Weiss ...... then no party to this agreement shall attempt to compel the payment of any other sum for the support and maintenance of said Dorothy Z. Weiss by any court proceedings."

Pursuant to this agreement, Sol S. Weiss delivered the sum of $2,500 to Nathan Zonies who deposited this fund in the Philadelphia Saving Fund Society in the name of "Nathan Zonies, Guardian for Dorothy Z. Weiss" in order to secure the payment of these weekly

installments of $15. The said Weiss, however, failed to furnish the bond in the sum of $7,500, and also failed to maintain the said life insurance.

As a condition to granting the divorce, the Court of Common Pleas No. 1 by decree dated June 24, 1930, simultaneously with granting the divorce, ordered Weiss to pay to Zonies as guardian for Dorothy Z. Weiss, the sum of $15 per week for her support and maintenance and to file a satisfactory surety bond for the performance of that order in the amount of $1,500. It was the plaintiff, Fidelity and Deposit Company of Maryland, which executed such bond conditioned that Weiss should faithfully abide by the order to pay $15 per week for the support and maintenance of his former wife. Thereafter, Weiss made default in the payment of the weekly installments of $15 and on April 30, 1937, was in arrears in the sum of $4,880, having paid nothing since Sept. 28, 1932, either as provided by the decree of court or by the agreement which preceded the court order.

The plaintiff when notified of the default of Sol S. Weiss in complying with the court order, performed the terms of its bond filed in the Court of Common Pleas No. 1, as aforesaid, and on Dec. 17, 1936, paid the sum of $1,500 to Nathan Zonies. By reason of such payment, plaintiff claims to be entitled to reimbursement from Sol S. Weiss of $1,500 together with interest from the date of payment, and for the recovery of such sum commenced the within proceedings and attached the fund at the Philadelphia Saving Fund Society as the moneys of Sol S. Weiss.

Appellant contends that the contract referred to shows the intention of the parties that a court order should supersede the agreement, and a court order having been obtained, the agreement was superseded and no longer operative.

Appellant cites certain authorities in support of the

proposition that in construing an agreement, the primary rule is to ascertain and give effect to the intention of the parties, and in arriving at such intention, where the language is doubtful or susceptible of more than one construction, the court may consider the nature and situation of the subject matter and the apparent purpose or object in making the contract in the form in which it was made, or of using a particular expression or sentence. With these authorities, we have no fault to find, but believe they support the position of the appellee rather than that of the appellant.

Under the terms of the agreement, because of the various defaults of the said Sol S. Weiss in connection with the provisions of the said agreement, the said Nathan Zonies, guardian, has the right to use the whole or any part of said $2,500 for the support and maintenance of Dorothy Z. Weiss and to pay the premiums on said insurance policies. It is not pretended that the order for support in the divorce proceeding in terms or by implication superseded the provisions in the agreement for the maintenance of the insurance on the life of the said Sol S. Weiss.

The sum of $2,500 was deposited with the Philadelphia Saving Fund Society for the express purpose of securing the payments of $15 per week to the said Dorothy Z. Weiss, and the fact that a decree of court was entered subsequently cannot affect the rights to ownership of the moneys involved. There is no provision in the agreement that an order of court for the support and maintenance of Dorothy Z. Weiss should terminate or supersede the agreement. The purpose of the agreement was to provide a definite sum for her support and maintenance. With the admitted defaults on the part of the said Sol S. Weiss, to adopt the contention of appellant would be to reward him for his own delinquency.

The assignment of error is overruled and the order of the lower court is affirmed.